PER CURIAM
In this proceeding, the appellant, who was the defendant in the trial court, and who is referred to herein as the Declarant, has filed an affidavit of inability to pay court costs or an appeal bond. This affidavit was filed with the Declarant's notice of appeal. The Court subsequently sent a notice of past due filing fees to the Declarant which this order now supercedes.
We do not know whether an affidavit of inability to pay was filed by this Declarant in the trial court. There is really no procedure for that in the current version of Texas Rule of Civil Procedure 145 as there was in the former version of the rule. Moreover, because the trial court record has not been filed, probably because it has not been paid for, we will not receive a copy of the trial court record unless we take some action on the pending affidavit and further action as necessary to allow the Declarant to file an appropriate affidavit in the trial court and empower the trial court to act upon it.
Pursuant to Texas Rule of Appellate Procedure 20.1(c), we order the Clerk of this Court to permit the Declarant, Stuart Wayne Ridge, "to proceed without payment of costs." TEX. R. APP. P. 20.1(c). As used in this order, the word "costs" means "filing fees charged by the appellate court." Id. (a).
Because this Court does not have the authority under the Rules of Civil Procedure or the Rules of Appellate Procedure to determine, in the first instance, whether the Declarant will have to pay for costs in the trial court, including the appellate record, we abate this proceeding to the trial court for the actions described below. See TEX. R. CIV. P. 145(c) (trial court costs defined).
The Declarant, Stuart Wayne Ridge, is ordered to file, if applicable, a declaration of inability to pay cost on the form approved by the Supreme Court of Texas, which form must be provided by the trial court clerk "without charge or request." Id. (b). The Declarant has 14 days from the date of this order to file the completed form with the trial court clerk. Declarant must also, within the same 14 day period, request the trial court record pursuant to appellate rule 34.6(b) (reporter's record) and appellate rule 34.5 (clerk's record). TEX. R. APP. P. 34.5 ; 34.6. If the completed form is not timely filed, the Declarant must make arrangements to pay for the trial court record within 21 days from the date of this order.
If the appropriate declaration is timely filed and, within 14 days after the declaration is filed, a motion described by Texas Rule of Civil Procedure 145(f)(1)-(4) is filed, the trial court is ordered to expeditiously *2 set and hold the required hearing thereon. TEX. R. CIV. P. 145(f)(5). Subsequent review of the trial court's ruling, if necessary, must then proceed as set out in Rule 145(g). Id. (g).
If the appropriate declaration is timely filed but no motion described by Rule 145(f)(1)-(4) is filed within 14 days after the declaration is filed, the appellate record will be due 35 days after the date the declaration is filed or the record is requested, whichever occurred later.
Accordingly, this proceeding is abated for 49 days to empower the trial court to rule as may be necessary, on any motion filed in response to the filing, if any, of a declaration as described herein. Further, the notices from this Court's Clerk, dated July 31, 2017 and August 1, 2017, are withdrawn.